UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHIRLEY BEZERRA STEEL and
JEFFREY STEEL, both individually
and as parents and guardians for
S.B.,

    Plaintiffs,                            Case No.: 6:21-cv-02035-CEM-GJK

v.

BREVARD COUNTY SCHOOL BOARD,
BREVARD COUNTY PUBLIC SCHOOLS,
SUPERINTENDENT MARK MULLINS,
BREVARD COUNTY SCHOOL BOARD
CHAIRWOMAN MISTY BELFORD, CHERYL
McDOUGALL, JENNIFER JENIKINS, KRISTEN
GODDEN, and NICHOLE DOUGHERTY,

    Defendants.
_____/

**INDIVIDUAL DEFENDANTS' UNOPPOSED MOTION TO STAY DISCOVERY PENDING FINAL ADJUDICATION OF DISPOSITIVE MOTION AND INCORPORATED MEMORANDUM OF LAW**

Defendants, **SUPERINTENDENT MARK MULLINS** ("Dr. Mullins"), **BREVARD COUNTY SCHOOL BOARD CHAIRWOMAN MISTY BELFORD** ("Belford"), **CHERYL MCDOUGALL** ("McDougall") and **JENNIFER JENKINS** ("Jenkins") (collectively "Individual Defendants"), pursuant to Fed. R. Civ. P. 26(c) and M.D. Fla. Loc. R. 3.01, hereby move this Court for entry of an Order staying discovery pending the resolution of their Motion to Dismiss and Motion for Judgment on the Pleadings (Doc. 28). In support, the Individual Defendants state as follows:

1. On December 3, 2021, Plaintiff filed their initial Complaint. (Doc. 1). By order dated December 7, 2021, the Court, *sua sponte*, struck the Complaint for violating Rule 5.2(a)(3). (Doc. 6 and Doc. 7).

2. On December 16, 2021, Plaintiffs filed the First Amended Complaint, containing thirteen counts. (Doc. 10). Defendants filed a Motion to Dismiss the First Amended Complaint premised upon the complaint's numerous pleading deficiencies, which made it impossible for Defendants to raise substantive defenses to the claims raised therein. (Doc. 22).

3. In response, Plaintiffs filed the Second Amended Complaint (hereinafter "Complaint") [(Doc. 25)], in which Plaintiffs attempt to assert the following claims:

| Count | Claim |
| --- | --- |
| I | Violation of Right to Privacy—Art. I, s. 23, Florida Constitution |
| V | 42 U.S.C. § 1983-Substantive Due Process Violation |
| VIII | Violation of Rights Pursuant to Fla. Stat., § 393.13 |
| IX | 42 U.S.C. § 1983-Violation of Right to Direct the Medical and Mental Health Decision Making for Child |
| XI | Violation of Fla. Stat., § 1000.05 |
| XII | Intentional Infliction of Emotional Distress |

4. On February 14, 2022, the Individual Defendants filed their Motion to Dismiss Second Amended Complaint or, in the Alternative, Motion for Judgment on the Pleadings ("Motion"). (Doc. 28). In the Motion, the Individual Defendants asserted several arguments seeking disposition of all claims against them with prejudice, including qualified immunity; defenses related to vicarious liability, including the supervisory liability defense established in *Monell v. Dep't of Soc.*

*Servs. of N.Y.,* 436 U.S. 658 (1978); exhaustion of administrative remedies; and the failure of the Plaintiffs to assert certain claims as a matter of law. (Doc. 28).

5. This Court has authority and discretion to stay discovery pursuant to Fed. R. Civ. P. R. 26(c) and its inherent authority.

6. If granted, the Individual Defendants' dispositive motion will have a substantial impact on the breadth and scope of the claims asserted in the Complaint, and may result in the outright dismissal of the lawsuit against them.

7. In the interest of conserving the valuable time and resources of all parties, and more importantly the Court, the Individual Defendants respectfully request a stay of discovery pending the resolution of the defenses raised in their Motion, including the qualified immunity defense.

8. No harm or prejudice will befall Plaintiffs if a stay is ordered, because even if the Court does not grant the Individual Defendants' Motion, including their request for qualified immunity at this stage of the case, Plaintiffs will still have sufficient time to conduct discovery and the scheduling of discovery has yet to be established.

9. Moreover, as discussed during the Rule 3.01 conferral between Counsel, in the event the Court grants the stay, the Defendant School Board has agreed to provide basic documents to the Plaintiffs, including documents that are subject to Florida's Public Records Act, investigation documents, personnel files and photographs or videos in the School Board's possession.

10. Counsel for Defendants Godden and Dougherty joins in the filing of this Motion and requests the same relief for these Defendants.

## MEMORANDUM OF LAW

Federal District Courts have "broad discretion in deciding how best to manage the cases before them." See *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). This broad discretion extends to pre-trial matters such as discovery and scheduling. *Johnson v. Bd. of Regents of the Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001). Rule 26(c) of the Federal Rules of Civil Procedure authorizes the Court to stay discovery to protect parties from undue burden or expense. See *Ben Smith v. University Community Hospital, Inc. d/b/a Florida Hospital Carrollwood*, No.: 8:18-CV-270-T-AAS, 2018 WL 4907910, at *1 (M.D. Fla. Oct. 10, 2018); *N.P. v. School Board of Okaloosa Cty.*, No.: 3:18-CV-453-MCR-CJK, 2018 WL 7358591 at * 2-3 (N.D. Fla. Nov. 5, 2018).

A stay of discovery may be granted when a party challenges the legal sufficiency of a claim in a motion to dismiss. See *Moore v. Potter*, 141 Fed. Appx. 803, 807-08 (11th Cir. 2005) (unpublished opinion) (finding no error in the District Court's order staying discovery pending resolution of a motion to dismiss for failure to state a claim for relief, explaining that delaying a ruling on a motion to dismiss "encourages abusive discovery and if the Court ultimately dismisses the claim, imposes unnecessary costs"); *Chudasama*, 123 F. 3d at 1367 (finding that stay of discovery appropriate where motion to dismiss for failure to state a claim was pending). Because of the policy considerations supporting the qualified

4

immunity defense, staying discovery is particularly appropriate while the Court considers and adjudicates the defense. *See* <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 684-86 (2009) (discussing importance of staying discovery in qualified immunity context and in the context of a motion to dismiss for failure to state a claim); <u>Siegert v. Gilley</u>, 500 U.S. 226, 231-32 (1991) (holding the threshold immunity question should be resolved before discovery is allowed); <u>N.P.</u>, 2018 WL 7358591 at *2-3 ("…a court should resolve the issues of sovereign and qualified immunity before allowing discovery.") (citing <u>Caraballo-Sandoval v. Hornsted</u>, 35 F. 3d 521, 524 (11th Cir. 1994) (finding that the district court properly stayed discovery until it decided the qualified immunity issue).[1]

Staying discovery when qualified immunity is asserted supports the underlying basis of the defense, since qualified immunity is immunity from suit and not simply a defense to raise at trial. <u>Ray v. Folz</u>, 370 F. 3d 1079, 1082 (11th

---

[1] The <u>Siegert</u> Court explained the reasoning behind its ruling that the immunity issue should be resolved before discovery commences:

> A necessary concomitant to the determination of whether the constitutional right asserted by Plaintiff is "clearly established" at the time the Defendant acted is the determination of whether the Plaintiff has asserted a violation of a constitutional right at all. Decision of this purely legal question permits courts expeditiously to weed out suits which fail the test without requiring a Defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits. One of the purposes of immunity, absolute or qualified, is to spare a Defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.

<u>Id</u>. at 232. (citing <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982)).

Cir. 2004). Indeed, the defense of qualified immunity protects a public official from both liability and the ordinary burdens of litigation, including discovery. *Caraballo-Sandoval*, 35 F. 3d at 524 (affirming the stay of discovery pending resolution of the qualified immunity issue, stating "qualified immunity seeks to protect government officials from the cost of trial and the burdens of broad reaching discovery."); *Harbert Intern., Inc. v. James*, 157 F. 3d 1271, 1281 (11th Cir. 1998) ("As noted earlier, qualified immunity is intended to protect the government official not only from civil liability, but also from suit and its concomitant burdens.") (citing *Behrens v. Pelletier*, 516 U.S. 299, 306 (1996)); *N.P.*, 2018 WL 7358591 at *3 (granting stay pending resolution of sovereign immunity to protect parties from burden and expense of discovery); *Edwards v. Fulton County*, 2008 WL 4816695 at *2 (N.D. Ga. Oct. 30 2008)(allowing discovery only if the defendant's motion to dismiss on qualified immunity was denied, stating "[there is] no reason for [the defendant] to undergo invasive personal discovery only to be dismissed.").

The Individual Defendants should not be subjected to the burdens of discovery while their Motion is being considered. A temporary stay of discovery will promote the interests of all parties by reducing discovery that has a likelihood to be disproportionate to the needs of the case. A temporary stay will also conserve judicial resources by reducing the potential for discovery disputes that will inevitably arise if Plaintiff is allowed to proceed with discovery during the pendency of the Individual Defendants' dispositive Motion. *E.g. Coastal States*

*Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D. Del. 1979) (finding that staying discovery pending resolution of potentially dispositive motions employs an "eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.").

WHEREFORE, the Individual Defendants, respectfully move this Court for an Order temporarily staying discovery pending resolution of their Motion to Dismiss or, in the Alternative, Motion for Judgment on the Pleadings, along with such other and further relief this Court deems appropriate.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to M.D. Fla. Loc. R. 3.01(g), the undersigned certifies Counsel for Plaintiffs have been contacted regarding this Motion. Plaintiffs consent to the stay of discovery, subject to the Defendant School Board's agreement to provide documents on an informal basis as described in paragraph 9, supra.

Dated this 24th day of February, 2022.

Respectfully submitted,

*/s/ Terry J. Harmon*
**TERRY J. HARMON**
Florida Bar Number: 0029001
tharmon@sniffenlaw.com
*/s/ Robert J. Sniffen*
**ROBERT J. SNIFFEN**
Florida Bar Number: 0000795
rsniffen@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for the Individual Defendants*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 24th day of February, 2022, a true and correct copy of the foregoing was electronically filed in the US District Court, Middle District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Robert J. Sniffen*
**ROBERT J. SNIFFEN**