UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:   6:21-cv-2035

**SHIRLEY BEZERRA STEEL** and **JEFFREY STEEL**,
both individually and as parents and guardians
for **S.B.**, a minor child,

    Plaintiffs,

v.

**BREVARD COUNTY SCHOOL BOARD,
BREVARD COUNTY SCHOOL DISTRICT,
SUPERINTENDENT MARK MULLINS,
BREVARD COUNTY SCHOOL BOARD
CHAIRWOMAN MISTY BELFORD, CHERYL
McDOUGALL, JENNIFER JENKINS, KRISTEN
GODDEN,** and **NICHOLE DOUGHERTY,**

    Defendants.
_____/

**PLAINTIFFS' MOTION FOR LEAVE TO AMEND
THE SECOND AMENDED COMPLAINT**

Plaintiffs, **SHIRLEY BEZERRA STEEL** and **JEFFREY STEEL**, both individually and as parents and guardians for **S.B.**, a minor child, by counsel, and pursuant to Federal Rule of Civil Procedure 15, hereby move this Court for leave to file the attached Third Amended Complaint, and in support thereof would state:

1.    On December 7, 2021, this Court struck Plaintiff's Complaint for identifying S.B., a minor, by name.

2. On December 16, 2021, Plaintiffs filed their Amended Complaint, to refile using S.B.'s initials in compliance with the Court's Order.

3. On January 31, 2022, Plaintiffs filed their Second Amended Complaint, with the consent of Defendants.

4. In response, Defendant Kristen Godden filed her Motion to Dismiss on March 11, 2022.

5. Defendants Brevard County School Board, Brevard County School District, Superintendent Mark Mullins, Brevard County School Board Chairwoman Misty Belford, Cheryl McDougall, and Jennifer Jenkins filed Amended Motions to Dismiss on March 1, 2022.

6. Defendant Dougherty filed her Motion to Dismiss joining Kristen Godden's Motion to Dismiss on February 14, 2022.

7. After all Defendants had filed their Motions to Dismiss, the parties agreed to extend the response deadline to March 22, 2022, and the Court entered an Order to that effect.

8. Plaintiffs now move this Court to file the attached Third Amended Complaint to include additional factual allegations regarding the knowing and clear violations of law at issue and to include an additional count against Jennifer Jenkins, one of the named Defendants.

9. Federal Rule of Civil Procedure 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

10. Allowing Plaintiffs to file the Third Amended Complaint would serve justice and promote the resolution of the case on its merits. Further, there would be no substantial or undue prejudice, bad faith, undue delay, or futility.

11. In light of the significant factual and procedural developments since Plaintiffs commenced litigation on December 3, 2021, good cause exists for amending the Complaint.

12. The additional allegations related to Ms. Jenkins' describe conduct occurring and continuing since the filing of the Second Amended Complaint.

13. Defendants will not be prejudiced if the changes are permitted at this stage of the proceedings.

14. The amendments are narrowly tailored to address the qualified immunity defense raised by Defendants and recent factual developments. In amendment is allowed, the action can proceed on the merits.

## **MEMORANDUM OF LAW**

### I. Motion for Leave to Amend Standard

Rule 15(a), Federal Rules of Civil Procedure ("Rule(s)"), establishes that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Thereafter, a party may amend its pleading only upon leave of court or by obtaining written consent of the opposing party. *See Id*. The rule provides that "leave shall be freely given when justice so requires." *Id*. As a result, "[t]here must be a substantial reason to deny a motion to amend." *Laurie v. Ala. Ct. of Crim. App.*, 256 F.3d 1266, 1269, 1274 (11th Cir. 2001) (per curiam). Substantial reasons justifying a court's denial of a request for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Maynard v. Bd. of Regents of the Div. of Univers. of the Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003).

### II. Argument

Plaintiffs seek this Court's leave to amend their Complaint to address the qualified immunity defense and include an additional claim for

4

defamation against Defendant Jennifer Jenkins. Should this Court grant Plaintiffs' Motion for Leave to Amend the Second Amended Complaint, the Court will be in a position to properly evaluate any qualified immunity defense raised by the various Defendants and will be apprised of recent factual developments. The Third Amended Complaint, attached hereto as **Exhibit A**, includes additional factual allegations in paragraphs 16-71, establishing the Defendants acted with knowingly and clear violation of the law. Beyond that, the Third Amended Complaint adds an additional Count XV for defamation against Jennifer Jenkins. The remainder of the Third Amended Complaint has not been altered from the Second Amended Complaint.

These revisions will not result in undue delay, bad faith, or prejudice to other parties. In summary, there is no substantial reason to deny Plaintiffs' Motion for Leave to Amend the Second Amended Complaint.

**WHEREFORE**, Plaintiffs respectfully request that this Court grant their Motion for Leave to Amend the Second Amended Complaint.

**DATED** this 22nd day of March, 2022.

                          **ANDERSONGLENN LLP**

                          */s/ Nicholas P. Whitney*
                          **Gregory A. Anderson, Esquire**
                          **Trial Counsel**
                          Florida Bar Number: 398853
                          gaanderson@asglaw.com

**Nicholas P. Whitney, Esquire**
Florida Bar Number: 119450
nwhitney@asglaw.com
10751 Deerwood Park Boulevard, #105
Jacksonville, Florida 32256
Telephone: (904) 273-4734
Facsimile:  (904) 273-4712
*Attorneys for Plaintiff*

**CERTIFICATE OF COUNSEL CONFERENCE**

Pursuant to M.D. Fla. Loc. R.  3.01, the undersigned certifies that on March 18, 2022, the undersigned reached out to David Miklas, Esquire, Attorney for Defendants, Godden and Dougherty, Terry J. Harmon, Esquire and Robert J. Sniffen, Attorneys for Defendants Mullins, Belford, McDougall, and Jenkins, via e-mail, regarding the requested relief herein. Both counsel for Dougherty and Godden and remaining counsel objected to the proposed amendment but have been notified of its imminent filing. Plaintiffs further advised counsel for the Defendants of the nature of the amendment concerning defamation and factual allegations relevant to claims of qualified immunity.

*/s/ Nicholas P. Whitney, Esquire*
**Nicholas P. Whitney, Esquire**


**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of March, 2022, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Middle District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

**ANDERSONGLENN LLP**

*/s/ Nicholas P. Whitney*
**Gregory A. Anderson, Esquire**
**Trial Counsel**
Florida Bar Number: 398853
gaanderson@asglaw.com

6

**Nicholas P. Whitney, Esquire**
Florida Bar Number: 119450
nwhitney@asglaw.com
10751 Deerwood Park Boulevard, #105
Jacksonville, Florida 32256
Telephone: (904) 273-4734
Facsimile:  (904) 273-4712
*Attorneys for Plaintiffs*