UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SHIRLEY BEZERRA STEEL and**
**JEFFREY STEEL, both individually**
**and as parents and guardians for**
**S.B.,**

       Plaintiffs,                     Case No.: 6:21-cv-02035-CEM-GJK

v.

**BREVARD COUNTY SCHOOL BOARD,**
**BREVARD COUNTY PUBLIC SCHOOLS,**
**SUPERINTENDENT MARK MULLINS,**
**BREVARD COUNTY SCHOOL BOARD**
**CHAIRWOMAN MISTY BELFORD, CHERYL**
**McDOUGALL, JENNIFER JENKINS, KRISTEN**
**GODDEN, and NICHOLE DOUGHERTY,**

       Defendants.
_____/

**DEFENDANT'S TIME SENSITIVE OBJECTION TO AND MOTION FOR**
**PROTECTIVE ORDER AGAINST PLAINTIFFS' NOTICE OF**
**DEPOSITION DUCES TECUM FOR RULE 30(b)(6) WITNESS**

      Defendant, **BREVARD COUNTY SCHOOL BOARD** ("Board" or "Defendant"), by and through undersigned counsel and pursuant to Rules 26(c) and 30(b)(6), Fed. R. Civ. P., and M.D. Fla. Loc. R. 3.01(g), hereby files this Motion for Protective Order, and in support thereof, states the following:

      Defendant files this motion as "time sensitive" because the corporate representative deposition which Plaintiffs have noticed and to which Defendants object is set for tomorrow September 14, 2022.

      On September 1, 2022, Plaintiffs served a Notice of Deposition Duces Tecum

(Notice Duces Tecum) pursuant to Rule 30(b)(6), in which they sought Defendant's corporate representative to testify about the following two categories:

> Internal communications & systems.
> All notice to the School Board and complaints received leading up to and following implementation of the mask policy.[1]

[**Doc. 73-1**]. Plaintiffs unilaterally set this corporate representative deposition to take place on September 14, 2022. *Id.* Moreover, Plaintiffs served this Notice Duces Tecum on September 1st for a deposition to take place on September 14th – this is less than the 14-day notice requirement under M.D. Fla. Loc. R. 3.04 ("A deposition by oral examination or written questions and a subpoena duces tecum require fourteen days' written notice.").

Defendant respectfully requests a protective order pursuant to Rule 26(c), quashing Plaintiffs' Notice Duces Tecum. As good cause, Defendant submits that the two categories of matters for examination which Plaintiffs seek to depose a corporate representative are overbroad and lack sufficient detail to allow Defendant to determine what witness(es), if any, can testify. The Court should also quash the Notice Duces Tecum as untimely.

Under Rule 30(b)(6), the notice or subpoena "must describe with reasonable particularity the matters for examination." *Am. Bd. of Cardiovascular Med., Inc. v. John Wiley & Sons, Inc.,* 8:16-CV-469-T-27JSS, 2017 WL 11606827, at *2 (M.D. Fla. Jan. 4, 2017) (quoting Rule 30(b)(6)). The description of the matters for

---

[1] Plaintiffs requested other categories which are not at issue.

examination "should accurately and concisely identify the designated area(s) of requested testimony . . . ." Middle District Discovery (2021) at Section II(A)(4)(b).

As written, these two categories are too broad, lack any specificity, and do not comply with either Rule 30(b)(6) or the local rules. In particular, the category of "internal communications & systems" lacks any detail, description, or limitation as to what specific information Plaintiffs seek. Plaintiffs do provide some detail for the category of "all notice to the School Board and complaints received leading up to and following implementation of the mask policy." However, without additional details, Defendant still cannot determine what information Plaintiffs seek, including to what Plaintiffs claim to be either a "notice" or "complaint" to the School Board. *See Am. Bd. of Cardiovascular Med., Inc.*, 2017 WL 11606827, at *2 (holding that "All communication between [defendant] and [plaintiff] pertaining to the Agreement attached . . . to the Complaint . . . and the performance of that Agreement" is too broad to prepare a corporate representative).

## LOCAL RULE 3.01(g) CERTIFICATION

After Plaintiffs requested to depose a corporate representative pursuant to Rule 30(b)(6), the undersigned and Plaintiffs' counsel conferred by telephone on or about August 26, 2022, to discuss the matters for examination. That same day, Plaintiffs provided in an email the matters for examination, including the two categories to which Defendant objects. [**Doc. 73-2**].

Thereafter, Plaintiffs served on September 1st its Notice Duces Tecum and unilaterally set a corporate representative deposition on September 14th. [**Doc.**

**73-1**]. At Defendant's request, the parties subsequently conferred by telephone on September 9th. Though the parties were able to resolve other issues related to Plaintiffs' Notice Duces Tecum, the parties were not able to resolve Defendant's objection to the two categories at issue in this Motion.

During their September 9th telephone conferral, Plaintiffs suggested that Defendant produce specific employees with Defendant's information technology office including Defendant's Chief Information Officer just so that a deposition could take place on September 14th. Plaintiffs, though, would reserve the right to compel another corporate representative deposition to the extent any witness produced does not provide sufficient information. Rule 30(b)(6), however, does not confer Plaintiffs the right to direct Defendant whom it will produce as a corporate representative. Rather, it is Defendant who can designate who it will produce.

During the phone conferral on September 9th and in a September 12 email, [**Doc. 73-3**], Defendant requested Plaintiffs provide in writing further clarification and more detail regarding these two categories. Plaintiffs responded that their "most recent corporate rep [sic] notice for this Wednesday sets out some more detail and illustrates the concepts we are interested in on these topics." The undersigned is not aware of any subsequent Notice Duces Tecum other than the one Plaintiffs served on September 1st. Moreover, Plaintiffs have not provided any clarification or additional details in writing as to the two categories at issue.

Prior to filing this Motion, Defendant again requested Plaintiffs withdraw its Notice Duces Tecum for September 14th, but Plaintiffs have not done so. [**Doc. 73-**

4

**4**]. Therefore, Defendant seeks a protective order from the Court.

WHEREFORE, Defendant respectfully requests that the Court enter a protective order quashing Plaintiffs' Notice Duces Tecum as overbroad and/or granting any other relief deemed just and appropriate.

Respectfully submitted this 13th day of September 2022.

/s/ Elmer C. Ignacio
**ELMER C. IGNACIO**
Florida Bar Number: 537683
eignacio@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for Defendants*

## WORD COUNT CERTIFICATION

This document complies with word limits set forth in this Court's Standing Order on Discovery Motions [**Doc. 8**] as it contains 489 words, exclusive of caption, signature block, and certifications.

/s/ Elmer C. Ignacio
**ATTORNEY**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 13th day of September 2022, a true and correct copy of the foregoing was electronically filed in the US District Court, Middle District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Elmer C. Ignacio
**ATTORNEY**