UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:21-cv-2035

**SHIRLEY BEZERRA STEEL** and **JEFFREY STEEL**,
both individually and as parents and guardians
for **S.B.**, a minor child,

    **Plaintiffs,**

v.

**BREVARD COUNTY SCHOOL BOARD,
BREVARD COUNTY SCHOOL DISTRICT,
SUPERINTENDENT MARK MULLINS,
BREVARD COUNTY SCHOOL BOARD
CHAIRWOMAN MISTY BELFORD, CHERYL
McDOUGALL, JENNIFER JENKINS, KRISTEN
GODDEN, and NICHOLE DOUGHERTY,**

    **Defendants**.
_____/

## PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE AND SANCTIONS

Plaintiffs, SHIRLEY BEZERRA STEEL and JEFFREY STEEL, both individually and as parents and guardians for S.B., a minor child ("Plaintiffs"), by and through undersigned counsel, hereby file this Motion for Order to Show Cause and Sanctions, and state as follows:

1. On March 28, 2022, this Court entered its Case Management and Scheduling Order ("Order") setting out various deadlines. [Doc. 43]. The Order provides a deadline for the parties to complete mediation by October 14, 2022.

2. The Order provides, "**the deadlines herein shall not be extended without Court approval.**"

3. On June 14, 2022, upon agreement of all parties, mediation was set for October 10, 2022.

4. In direct and knowing violation of the Order, the Defendants, Brevard County School Board, Brevard County School District, Superintendent Mark Mullins, Brevard County School Board Chairwoman Misty Belford, Cheryl McDougall, and Jennifer Jenkins (collectively, the "School Board Defendants"), and the primary insurer's claims representative, and excess insurer's claim representative failed and/or refused to appear for mediation on October 10, 2022.[1]

5. Rule 16(f) provides that when, as here, a party or a party's attorney fails to obey a scheduling or pretrial order, the judge "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vi)." It also states, "[i]nstead of or in addition to any other sanction, the court must order the party . . . to pay the reasonable expenses – including attorney's fees – incurred because of any

---

[1] These Defendants are referred to within this Motion as the School Board Defendants. The District has retained separate counsel for S.B.'s teacher and instructional aide, Ms. Godden and Ms. Dougherty; referred to within this Motion as the Teacher Defendants.

noncompliance with this rule, unless the noncompliance was substantially justified, or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2). *See Scott v. K.W. Max Investments, Inc.*, No. 6:05-cv-683-Orl-18, 2007 WL 80851, *2 (M.D. Fla. Jan. 8, 2007) (granting sanctions, in the form of payment of expenses incurred by a party attending mediation, for failure to appear at mediation in violation of case management and scheduling order); *see also Falcon Farms, Inc. v. R.D.P. Floral, Inc.*, No. 07-23077-CIV, 2008 U.S. Dist. LEXIS 62119, 2008 WL 3874598 (S.D. Fla. Aug. 14, 2008) (awarding sanctions in form of mediation fees against represented party who did not appear at mediation but informed opposing party shortly beforehand that he would not be there).

6. As in *Falcon*, the School Board Defendants informed Plaintiffs' counsel shortly before mediation that they would not attend mediation. On September 28, 2022, the School Board Defendants moved for an extension of time of the mediation based on alleged concerns over Florida's Sunshine Law as set out in Chapter 286. [Doc. 79]. The Motion to Extend Mediation Deadline left the Court, the mediator, and the parties only two weeks to act upon and/or respond to the motion.

7. On October 5, 2022, the mediator addressed the School Board Defendants' concerns over non-party attendance at mediation by notifying all parties that she would not admit any non-parties to mediation on October 10th. *See*

3

Correspondence from Ms. Sands dated October 5, 2022 attached as *Exhibit A*. The mediator's decision to exclude non-parties addressed one of the School Board Defendants' alleged concerns, and the mediator emphasized that she felt compelled to convene the mediation in compliance with the Order and Local Rule 4.03.

8. In response to the mediator's email, School Board Defendants' counsel indicated that they would seek expedited review of the pending motion to be relieved by the Court of the mediation deadline.

9. The School Board Defendants never asked for expedited review, and yet, without relief from this Court in the form of an extension of the mediation deadline, did not attend mediation on October 10th. The School Board Defendants' refusal to attend mediation was a direct and knowing violation of this Court's Order.

10. Importantly, the School Board Defendants' alleged concern over running afoul of the Sunshine Law by allowing the named School Board and School Board members to attend mediation would have existed at the time mediation was set in June, and the delay in raising the alleged concerns prejudiced the parties' ability to conduct a meaningful and substantive mediation. The School Board Defendants' refusal to attend was substantially unjustified, as any alleged concerns over the Sunshine Law should have been raised with the Court at or

about the time that the Court entered its Order, or when mediation was set in June. The School Board Defendants have been parties to this action since the outset and the Sunshine Law and interpreting caselaw have not changed since that time. As such, and lacking substantial justification for their refusal to attend, an award of reasonable expenses taxed against the School Board Defendants is mandated under Fed. R. Civ. P. 16(f)(2).

11. Based upon information and belief, the School Board Defendants further interfered in the October 10th mediation (such as it was) by not providing a risk manager or claims representative from the District with settlement authority on behalf of the Teacher Defendants. Importantly, the Teacher Defendants, and indisputably Ms. Godden, are insured by the self-insurance maintained by the District.[2] The District's self-insurance is the primary insurance for the Teacher Defendants. With the marked absence of the District's risk manager or claims representative, the lone excess insurance representative in attendance was unable and/or unwilling to enter into meaningful settlement negotiations on behalf of the Teacher Defendants' as the primary insurer was **absent**.

---

[2] The Defendants have maintained during the pendency of this action that Ms. Dougherty, as the instructional aide in S.B.'s classroom, is not an insured under the District's self-insurance policy. Plaintiffs dispute this representation as it would leave a District employee uninsured, but notably, Plaintiffs' have not had an opportunity to review the self-insurance policy or similar document to challenge Defendants' representation. Defendants' failure to provide the requisite disclosure under Rule 26 and Fla. Stat. § 627.4137 are the subject of a separate pending Motion for Sanctions, but Defendants' bald representation of Ms. Dougherty's lack of coverage is in violation of Fla. Stat. § 624.031.

12. The Teacher Defendants, Ms. Godden and Ms. Dougherty, did appear at mediation with their counsel and with the claims representative from one of the excess insurers for a Policy issued based on Ms. Godden's membership in the NEA. The District's refusal to provide its excess insurer's representative, however, further rendered the mediation meaningless as the participating excess insurance representative did not have a Policy from the District's excess insurer.[3] The lack of both the primary Policy and the excess Policy maintained by the District left all parties in attendance, the mediator, and the claims representative in attendance having to guess how the various Policies that may provide coverage would likely be interpreted and whether they are joint or otherwise interact. In short, the School Board Defendants' refusal to attend and prior refusal to disclose the necessary Policies made a determination of the levels of insurance in the stack and the interaction between the Policies impossible. The Teacher Defendants were left without a claims representative to represent even the first dollar of settlement authority – a glaring gap and insurmountable hurdle to reaching any excess Policy coverage.

13. The School Board Defendants' actions, including those of the District in refusing to send the necessary insurance representatives and/or risk managers,

---

[3] The School Board Defendants' have refused to provide a copy of the excess Policy as required by Rule 26 and Fla. Stat. § 627.4137 – a deficiency separately addressed in Plaintiffs' pending Motion for Sanctions.

were in ultimate bad faith and rendered the entire mediation an exercise in futility, despite the best efforts of the mediator, the Teacher Defendants, and the Plaintiffs.

14. Sanctions pursuant to Rule 16(f) and under Fed. R. Civ. P. 37(b)(2)(A) include striking the pleadings in whole or in part. *See Coupling Solutions, LLC v. Davidson*, 2012 U.S. Dist. LEXIS 192255, 2012 WL 12868743 (S.D. Fla. 2012) (striking a defendant's pleading and granting plaintiff's motion for default due to defendant's failure to appear for court-ordered mediation); *see also Scott v. K.W. Max Investments, Inc.*, No. 6:05-cv-683-Orl-18, 2007 WL 80851, *2 (M.D. Fla. Jan. 8, 2007) (granting sanctions, in the form of payment of expenses incurred by a party attending mediation, for failure to appear at mediation in violation of case management and scheduling order).

## Local Rule 3.01(g) Certification

Prior to filing this Motion, Plaintiffs' counsel conferred with counsel for the School Board Defendants by phone on October 14, 2022. The parties do not agree on resolution of the Motion.

*Remainder of page intentionally left blank*

WHEREFORE, Plaintiffs move this Court for an Order to Show Cause, and an award of sanctions, including striking the School Board Defendants' pleadings, attorneys' fees and costs for the expenses incurred in preparation for and attendance at the October 10th mediation, and further sanction requiring that the School Board Defendants shall pay the fees and costs incurred during the next mediation necessitated by their bad faith actions, and for any other relief this Honorable Court deems just and proper.

DATED: October 15, 2022.

                                      **ANDERSONGLENN LLP**

                                      */s/ Nicholas P. Whitney*
                                      **Gregory A. Anderson, Esquire**
Florida Bar Number: 398853
gaanderson@asglaw.com
**Nicholas P. Whitney, Esquire**
Florida Bar Number: 119450
nwhitney@asglaw.com
10751 Deerwood Park Blvd., Ste. 105
Jacksonville, Florida 32256
Telephone: (904) 273-4734
Facsimile: (904) 273-4712
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of October, 2022, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Middle District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

**ANDERSONGLENN LLP**

*/s/ Nicholas P. Whitney*
Gregory A. Anderson, Esquire
Trial Counsel
Florida Bar Number: 398853
gaanderson@asglaw.com
Nicholas P. Whitney, Esquire
Florida Bar Number: 119450
nwhitney@asglaw.com
10751 Deerwood Park Boulevard, #105
Jacksonville, Florida 32256
(904) 273-4734, Fax: (904) 273-4712
*Attorneys for Plaintiffs*

# *EXHIBIT A*




**Lauren Coates** <LCoates@uww-adr.com>

Wednesday, October 5, 2022 at 5:37 PM

To: Gregory Anderson; Robert J. Sniffen; Kimberly Sands;   Cc: Ramona Williams; Samantha Lawrence; +7 more

🏳 This message is flagged for follow up.

On behalf of Ms. Sands;

Dear Counsel;

In light of the issues raised by Mr. Whitney's letter of September 20, 2022, to Ms. Dunn and others, Mr. Anderson's September 30, 2022 to the School Board, McDougall, Mullins, Belford, and Jenkins c/o Sniffen & Spellman, and the pre-mediation conversations that ensued with me, please be advised that under Local Rule 4.03 (d), U.S. Middle District Court, Florida, Mediation requires the attendance of lead counsel, the parties or a party's surrogate **satisfactory to the mediator**, and any necessary insurance carrier representative. I therefore feel obligated to weigh in on how I intend to conduct Monday's Mediation based on the information currently available to me.

As I do not believe under the circumstances, I can cancel the mediation without agreement by all parties or an Order from the Court; I will convene the Mediation Monday. Under Rule 4.03 (d), I expect attendance by named parties, lead counsel, and a representative from any applicable insurer or insurers, unless the party has previously indicated they will not attend. I consider a parent or guardian with settlement authority to be an appropriate surrogate for Sofia. If a representative of the board elects to attend with counsel, and all applicable insurance representatives, with full authority to negotiate and recommend settlement to the appropriate decision-making body of that entity, I would consider that a satisfactory surrogate, understanding that any settlement may require approval of the Court for the Minor and the governing body of the School Board. In this I will be guided by Florida law and Fla. R. Civ. Pro. 1.720. Otherwise, I defer to an Order from the Court or stipulation by the parties. Please keep in mind that the Local Rule requires physical presence. This Mediation is scheduled to take place by Zoom. All participants should appear by an audio and visual connection. This may or may not satisfy the requirements of the Court.

I will not admit anyone who is not a named party, named counsel, or an authorized party/insurer representative as described above. This includes future School Board members or members of the public. If more than one board member attends, upon request I will offer a breakout room to each individual board member for private caucus meetings in deference to the provisions of Ch 268, Fla Stat.

Obviously, I can take no position with regard to the broader issues raised by the Defendants' Motions or whether these arrangements satisfy the requirements of the Court; however, to the extent any procedural issue is subject to my "satisfaction" or control, I hope I have made my expectations clear.

If there is an Order for Mediation, or pre-trial Order requiring Mediation by a date certain, I request that counsel for the Plaintiffs send me a copy. Obviously if the Court rules between now and Monday, please notify me immediately and provide me with a copy of the Order.

Finally, I am here to facilitate all aspects of Mediation, please feel free to contact me with regard to any mediation related matter. My cell #