UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SHIRLEY BEZERRA STEEL and
JEFFREY STEEL, both individually
and as parents and guardians for
S.B.,**

    Plaintiffs,　　　　　　　　　　　　　　　　Case No.: 6:21-cv-02035-CEM-DAB

v.

**BREVARD COUNTY SCHOOL BOARD,
BREVARD COUNTY PUBLIC SCHOOLS,
SUPERINTENDENT MARK MULLINS,
BREVARD COUNTY SCHOOL BOARD
CHAIRWOMAN MISTY BELFORD, CHERYL
McDOUGALL, JENNIFER JENKINS, KRISTEN
GODDEN, and NICHOLE DOUGHERTY,**

    Defendants.
_____/

### DEFENDANTS' JOINT MOTION TO PRECLUDE PLAINTIFFS' EXPERTS FROM TESTIFYING AT TRIAL AND/OR TO EXCLUDE EXPERT TESTIMONY AND MEMORANDUM OF LAW IN SUPPORT

All Defendants, pursuant to Fed. R. Civ. P. 7(b), 26, and 37(c)(1), Fed. R. Evid. 702, Middle District Local Rule 3.01, and the Court's March 28, 2022, Case Management and Scheduling Order [Doc. 43], jointly move to exclude Plaintiffs' proffered experts from testifying. In support hereof, Defendants state as follows:

#### Relevant Procedural Background

1.    Fed. R. Civ. P. 26(a)(2)(B) and this Court's Scheduling Order required Plaintiff to disclose any expert they may call at trial, along with those experts' written

reports which contain certain additional information, by August 2, 2022. [Doc. 43].

2. Plaintiffs failed to comply and, instead, on August 2, 2022, Plaintiffs filed and served a list of eight experts, which only included for each expert a short and vague description of their indented testimony. [Doc. 69].[1]

3. Defendants contacted Plaintiffs regarding their deficient Rule 26(a)(2) Expert Disclosure on September 26, 2022. **Exhibit 1**. In the letter, Defendants questioned whether Plaintiffs would be immediately providing proper disclosures and expert reports, and whether Plaintiffs consented to an extension to Defendants' own Rule 26(a)(2) deadline, given Plaintiffs' delay in their disclosures.

4. Plaintiffs' counsel responded the same day but did not state when or if expert reports would be provided. Thereafter, on September 28, 2022, Plaintiffs responded by letter, requesting an enlargement of the Rule 26(a)(2) deadline "for all parties…with a reasonable amount of time for expert reports to be issued." **Exhibit 2**.

5. However, an extension for Plaintiffs' Rule 26(a)(2) expert disclosure deadline was never previously discussed, as further clarified in Defendants' October 13, 2022, letter to Plaintiffs detailing all communications related to discovery in this case. **Exhibit 3**.

6. Accordingly, Plaintiffs' expert disclosures were untimely as of August 2, 2022. Thereafter, Plaintiffs made no effort through the Court to revive the now-expired deadline.

---

[1] This Court struck Plaintiffs' filing as an unauthorized discovery document. *See* [Doc. 70] (Endorsed Order Striking [Doc. 69]).

7. On October 28, 2022, Plaintiffs filed an Amended Expert Witness Disclosure listing seven expert witnesses. [Doc. 94]. Regarding the seven experts listed (all of whom were disclosed and known to Plaintiffs on August 2, 2022), Plaintiffs only provided a written report for one witness (Megan Mansell). **Exhibit 4**.[2] Plaintiffs subsequently served the same Amended Expert Witness Disclosure on November 1, 2022, after it became clear [Doc. 94][3] would be stricken from the docket. **Exhibit 5.**

8. Overall, Plaintiffs waited until almost *three months* after their expert report disclosure deadline to provide Defendants with a single expert witness report (Mansell – **Exhibit 4**). Plaintiff have provided no other reports for the other six witnesses listed in their October 28, 2022, Amended Expert Witness Disclosure. Plaintiffs' delay has significantly prejudiced Defendants in the preparation of the defense of this case as is further detailed in the Memorandum of Law below. Accordingly, Fed. R. Civ. P. 37(c)(1) requires Plaintiffs' experts be excluded from testifying at trial.

9. Moreover, all of Plaintiffs' experts' proffered opinions should be excluded pursuant to Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-93, 597 (1993). With respect to Plaintiffs' expert Mansell, although she produced a written report, she is not sufficiently qualified as an expert.

---

[2] Mansell's expert report contains sensitive information regarding minor Plaintiff S.B. Accordingly, **Exhibit 4** will be filed under seal and provided through separate cover with an accompanying motion.

[3] For a second time, the Court struck Plaintiffs' filing as an unauthorized discovery document. [Doc. 100] (Oral order at hearing [Doc. 94]).

3

Her proposed opinions are also unreliable *ipse dixit* that will do nothing to assist the trier of fact. As such, the Court should exercise its gatekeeper function by excluding Mansell from rendering expert opinions at trial.

**WHEREFORE**, Defendants request that this Court enter an Order excluding all of Plaintiffs' proposed expert witnesses from testifying at trial, together with any other relief this Court deems just and proper.

## MEMORANDUM OF LAW

I. **Argument and Authority – Plaintiffs' Experts Should be Prohibited from Testifying at Trial Pursuant to Fed. R. Civ. P. 37**

"'Disclosure of expert testimony within the meaning of the federal rule contemplates not only identification of the expert, but also the provision of a written report containing 'a complete statement of all opinions' and 'the basis and reasons therefor.'" *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (*quoting* Rule 26(a)(2)(B)) (finding no abuse of discretion in the district court's decision to exclude plaintiff's expert's affidavit which was provided several weeks after the expiration of the discovery period). A timely revelation of an expert's name is not enough to discharge a party of its obligation under the federal rules. *Id.* In fact, Rule 26 specifically states that unless the court orders or the parties have stipulated otherwise, disclosures must be accompanied by a written report—prepared and signed by the witness— when the witness is one retained or specifically employed to provide expert testimony. Rule 26(a)(2)(B). *See also Frasca v. NCL (Bahamas) Ltd.*, 12-20662-CIV, 2014 WL 970060, at *1 (S.D. Fla. Mar. 12, 2014) ("Courts routinely strike expert reports or

exclude expert testimony which is not timely disclosed, even if the consequence is to preclude a party's entire claim or defense.").

The language of Rule 26 is clear and unambiguous; thus, Plaintiffs should have been aware of the deficiencies of their own disclosures. Even so, Defendants' September 26, 2022, letter specifically detailed how Plaintiffs' expert disclosures were not in compliance with the Rule. *See Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821, 823-24 (11th Cir. 2009) (holding that district court did not abuse its discretion in granting defendant's motion to strike where plaintiff did not fully disclose bases of his expert opinions or supplement the disclosures when it became clear the disclosures had not been sufficient).

A party who, without substantial justification, fails to disclose information pursuant to Rule 26(a) is not—unless such failure is harmless—permitted to use as evidence at a trial, hearing, or motion any witness or information not disclosed. *Reese*, 527 F.3d at 1265; Fed. R. Civ. P. 37(c)(1). Substantial justification requires "justification to a degree that could easily satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Deman Data Sys., LLC v. Schessel*, 8:12-CV-2580-T-24EAJ, 2014 WL 12774309, at *1 (M.D. Fla. Nov. 25, 2014) (*citing Poole v. Gee*, No. 8:07-CV-912-EAJ, 2008 WL 2397603, at *2 (M.D. Fla. June 10, 2008) (citation and internal quotations marks omitted)). A party's failure to disclose is harmless where there is no substantial prejudice to the opposing party. *Id.*

Plaintiffs have not established that their deficient disclosures were either

5

substantially justified or harmless. *Bradenton Beauty & Barber Academy v. First Nat'l Ins. Co.*, 8:16-CV-456-T-27JSS, 2017 WL 2868405, at *2-*3 (M.D. Fla. Apr. 6, 2017). In fact, Plaintiffs have offered no explanation or justification for the deficiencies. Instead, Plaintiffs seem to shift blame to Defendants for "[raising the deficiencies] in [Defendants' September 26, 2022] letter for the first time." *See* **Exhibit 2**.

Moreover, under Rule 26(b)(4)(A), Defendants are prohibited from even taking the depositions of Plaintiffs' experts *until after* expert reports were disclosed. *See also Mitchell*, 318 Fed. Appx. At 825 ("This untimely disclosure left [Defendant] unable to depose fully [the opposing expert] or question what he relied on in his opinions."). Mansell is the only witness for whom Plaintiffs provided an expert report in this case, although such disclosure was not made until October 28, 2022. This was almost a month after the deadline set by the Court (September 30, 2022) to complete all discovery. Plaintiffs' delay (and continued delay) left Defendants unable to evaluate issues related to experts, to take the depositions of Plaintiffs' experts during discovery, to submit rebuttal reports, and to proceed with finalizing a Fed R. Civ. P. 35 examination of minor Plaintiff S.B. *See Deman Data Sys., LLC*, 2014 WL 12774309 (granting motion to strike upon finding the plaintiffs' late disclosure prejudiced defendants who could not depose the expert or obtain discovery related to his report).

Based on the foregoing, Defendants respectfully request that this Court grant the instant Motion and preclude Plaintiffs' experts from testifying at trial.

II. **Argument and Authority – Plaintiffs' Experts' Proposed Opinions Should be Excluded Pursuant to Fed. R. Evid. 702 and *Daubert***

Notwithstanding Plaintiffs' failure to comply with Rule 26 and months-late disclosure of Mansell's expert report, the Court should nonetheless deem her as not qualified as an expert witness and preclude her from testifying under Fed. R. Evid. 702. This Rule sets out basic requirements for when a witness is qualified to provide testimony as an expert on a particular subject area. Pursuant to Fed. R. Evid. 702, a witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

> (1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (2) the testimony is based on sufficient facts or data;
>
> (3) the testimony is the product of reliable principles and methods; and
>
> (4) the expert has reliably applied the principles and methods to the facts of the case.

The application of Fed. R. Evid. 702 to determine the admissibility of expert witnesses was refined by the Supreme Court in *Daubert*, 509 U.S. 579 at 589-93, 597, where it instructed that district courts are to perform a "gatekeeping" role concerning the admission of expert scientific testimony. *See Kumho Tire Co. Ltd. v. Carmichael,* 526 U.S. 137, 147-48 (1999).

*Daubert* instructs that the following factors are necessary for the Court to consider before expert testimony should be admitted:

7

 (1) the expert is qualified to testify competently regarding the matters he intends to address;

 (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert;* and

 (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004) (en banc), *cert. denied*, 544 U.S. 1063, 125 S.Ct. 2516, 161 L.Ed.2d 1114 (2005). Plaintiffs bear the burden of satisfying these factors. *Id.*

### A. Mansell is Not Qualified to Serve as an Expert

An expert may be qualified "by knowledge, skill, experience, training, or education." *Furmanite Am., Inc. v. T.D. Williamson,* 506 F. Supp. 2d 1126, 1129 (M.D. Fla. 2007) (citing Fed. R. Evid. 702). Determining whether a witness is qualified to testify as an expert "requires the trial court to examine the credentials of the proposed expert in light of the subject matter of the proposed testimony." *Jack v. Glaxo Wellcome, Inc.,* 239 F. Supp. 2d 1308, 1314–16 (N.D. Ga. 2002). After the district court undertakes a review of all the relevant issues and of an expert's qualifications, the determination regarding qualification to testify rests within the district court's discretion. *J.G. v. Carnival Corp.*, No. 12-21089-CIV, 2013 WL 752697, at *3 (S.D. Fla. Feb. 27, 2013).

As a threshold matter, Plaintiffs' Amended Expert Witness Disclosure states that Mansell "is expected to present evidence related to the compliance and protocol

of IEPs in public schools…" and that she will testify regarding "S.B.'s IEP, the exemptions contained within, and the overall implementation of S.B.'s IEP…[and that] S.B.'s IEP was violated by the Defendants' policy, as implemented at Ocean Breeze Elementary School." **Exhibit 5** at p. 2.[4] Importantly, Mansell's expert report references that her Curriculum Vitae will be provided to Defendants; however, it has not been provided to Defendants as of the filing of this Motion.

Mansell's expert report claims that she has an "extensive history working with special populations within the public sector" in various positions, that she received training in "assessing medically vulnerable restricted student populations," and received "training in cross-contamination and Individual Health Plan compliance for students with onsite medical needs, including the protective equipment required to be donned by employees in order to safely serve these students under OSHA compliance, with additional training in handling of hazardous biological materials." **Exhibit 4** at p. 1. Plaintiffs also contend that the opinions Mansell intends to offer "are based upon her training and experience in implementation of IEP in public schools and her review of S.B.'s IEP." **Exhibit 5**.

Yet, Mansell's expert report does not include any prior educational experience, the identity of any prior employers, any dates of employment, when she received training, who provided the training, any publications she has authored in the last 10 years, any cases she has testified as an expert at trial or by deposition, her

---

[4] Mansell's report also fails to include the information required by Rule 26(a)(2)(B)(iv)-(vi).

9

compensation, any professional licenses or certifications she holds, and any memberships she has in organizations in the area of education. Without any of this information, Mansell is left with just her work experience. However, simply working as a teacher or administrator for some unnamed entity(ies)/school(s) for some undisclosed amount of time is insufficient to permit her to offer specific expert opinions before a federal court jury on issues related to the Individuals with Disabilities Education Act ("IDEA") and Florida law. **Exhibit 4** at p. 13. *See Stagl v. Delta Air Lines, Inc.*, 117 F.3d 76, 80 (2d Cir. 1997) (noting that a "district court may properly conclude that witnesses are insufficiently qualified . . . . because their expertise is too general).

Moreover, Mansell's expert report includes several proffered opinions that go far beyond the subject matter contained in Plaintiffs' Amended Expert Witness Disclosure, including Mansell's opinions related to child face masks, the impacts of a child face mask on S.B., the cognitive capacity of S.B., physiological harms of child face masks, medical exemptions, medical clearance standards, respiratory protection standards, OSHA requirements, workplace safety issues, linguistic development, social cue development, and "signs of children experiencing trauma." **Exhibit 4** at pp. 6-11. However, Mansell has not disclosed any prior experience or credentials that would qualify her as an expert on these matters (or any matters). As such, she may not offer testimony on these topics. *deWit v. UPS Ground Freight, Inc.*, 1:16CV36-MW/CAS, 2017 WL 3597514, at *3 (N.D. Fla. July 24, 2017) ("…because Dr. Ziejewski lacks any medical background or relevant training, he may not testify as to the existence, extent, or severity of Plaintiffs' injuries.").

### B. Mansell's Complete Lack of Methodology is Unreliable

Defendants recognize that generally an expert's reliance on their knowledge and experience is an appropriate methodology for nonscientific evidence. *Nature's Products, Inc. v. Natrol, Inc.*, 11-62409-CIV, 2013 WL 11275370, at *3 (S.D. Fla. Oct. 8, 2013). However, the inquiry does not end there when assessing whether the nonscientific expert's methodology is reliable. <u>Daubert</u> requires courts to evaluate whether an expert's opinion has been reached on reliable inquiries. A basic foundation for admissibility is that the "proposed expert testimony must be supported by appropriate validation – i.e., 'good grounds,' based on what is known." *Frazier*, 387 F.3d at 1261 (internal notations omitted) (quoting *Daubert,* 509 U.S. at 590). *See also In re Trasylol Prod. Liab. Litig.*, No. 08-MD-01928, 2013 WL 1080552, at *8 (S.D. Fla. Mar. 14, 2013) (finding expert testimony unreliable where expert failed to review all relevant materials and consider different potential causes for effects).

To reach her opinions, Mansell apparently confined her work to reviewing select documents in this case and various laws. She did not review the deposition of Jeffrey Steele, review any school safety documents from the School Board, or apply any standard of care or industry standard in reaching her opinions. Instead, she offers nothing more than her vague work experience and training. This is akin to an expert contending that their opinion is reliable because they say so.

### C. Mansell's Legal Opinions and Legal Conclusions Will Not Assist the Trier of Fact

The final *Daubert* factor for the Court to consider is whether Mansell's proposed

11

testimony will assist the trier of fact "through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548, 562 (11th Cir. 1998) (emphasis added). In doing so, the Court must also "ensure that the proposed expert testimony is 'relevant to the task at hand,' ... i.e., that it logically advances a material aspect of the proposing party's case." *Allison v. McGhan Medical Corp.*, 184 F.3d 1300, 1312 (11th Cir. 1999). Courts should not accept unreliable or irrelevant information. *Id.* at 1311-12.

"Proffered expert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." *Frazier*, 387 F.3d at 1262-63. While an expert may testify as to their opinion on an ultimate issue of fact, "[they] may not testify as to [their] opinion regarding ultimate legal conclusions." *Umana-Fowler v. NCL (Bahamas) Ltd.*, 49 F. Supp. 3d 1120, 1122 (S.D. Fla. 2014); *see also Schultz v. Royal Caribbean Cruises, Ltd.*, 18-24023-CIV, 2020 WL 3035234, at *7 (S.D. Fla. June 5, 2020) ("The Eleventh Circuit has made clear that 'merely telling the jury what result to reach is unhelpful and inappropriate.'") (internal citations omitted); *Montgomery v. Aetna Cas. & Surety Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) (holding that an expert may not merely tell the jury what result to reach and may not testify to the legal implications of conduct and concluding that the trial court abused its broad discretion by permitting opinion testimony on whether insurer had a duty to hire tax counsel and by allowing the expert to testify about the scope of the carrier's duty under the policy). Likewise, expert witnesses may not be

used to resolve factual disputes. *See Schultz v. Gov't Employees' Ins. Co.*, 1:15CV172-MW/GRJ, 2016 WL 8861701, at *1 (N.D. Fla. Aug. 12, 2016) ("Giving an ultimate opinion as to whether an insurance company acted in bad faith is not helpful in this case."). As it relates to opinions on ultimate issues of fact, Mansell did not personally observe any of the alleged conduct; rather, she merely reviewed selected records and offered opinions. *See United States v. Delatorre*, 308 Fed. Appx. 380, 383 (11th Cir. 2009) ("…we have held that an expert witness may testify as to his opinion on an ultimate issue of fact, so long as the opinion is "'based on the personal observations of the witness.'") (internal citations omitted).

        1.    *Mansell's Legal Conclusions*

Mansell's report and Plaintiffs' Amended Expert Witness Disclosure make clear that Mansell intends to offer expert testimony in the form of legal conclusions including, without limitation, the following:

- The Board violated the IDEA by not following and/or implementing S.B.'s IEP;

- Requiring S.B. to wear a face mask is a prohibited form of restraint;

- The Board violated its own policies;

- The IDEA, Florida Statutes, and a "Consent Decree" required that S.B.'s parent be immediately contacted in writing upon the passage of the Board's policy; and,

- The IDEA, Florida Statutes, and a "Consent Decree" required that S.B. not be masked without express written consent and medical clearance.

Well-established Eleventh Circuit case law mandates that the Court exclude

13

such opinions as legal conclusions. *See:*

- *Link v. Hall*, 3:08CV327/MCR/MD, 2011 WL 13232375, at *2 (N.D. Fla. Feb. 4, 2011) ("…expert witnesses are not permitted to offer legal conclusions as opinions.");

- *Konikov v. Orange County, FL,* 290 F. Supp. 2d 1315, 1318 (M.D. Fla. 2003) ("in the Eleventh Circuit, the judge is the jury's only source of law. The judge decides the content of the law, and instructs the members of the jury on the applicability of the law to the facts of the case. Price, an attorney, may not testify as to the constitutionality of a law, or as to the legal implications of conduct.");

- *Myers v. Bowman*, 713 F.3d 1319, 1328 (11th Cir. 2013) ("The Myers contend that a genuine issue of material fact barred a summary judgment because their expert testified that the force used by Evans was excessive, but whether the force that Evans used was excessive is a 'pure question of law.'…[t]hat question 'is not a matter subject to expert testimony.'") (internal citations omitted);

- *Hendrix v. Evenflo Co., Inc.*, 255 F.R.D. 568, 584 (N.D. Fla. 2009), *aff'd sub nom. Hendrix ex rel. G.P. v. Evenflo Co., Inc.*, 609 F.3d 1183 (11th Cir. 2010) ("Because any opinion that Evenflo was negligent is clearly a legal conclusion which Whitman is not qualified to offer, this opinion will be excluded");

- *Ocasio v. C.R. Bard, Inc.*, 8:13-CV-1962-T-36AEP, 2015 WL 2062611, at *8 (M.D. Fla. May 4, 2015) ("the Court agrees that Begley's characterization of Bard's behavior as 'negligent' and 'reckless' is improper. It is well-established that a testifying expert may not offer legal conclusions.")(internal citations omitted);

- *Higgs v. Costa Crociere S.p.A. Co.*, 15-60280-CIV, 2016 WL 4370012, at *7 (S.D. Fla. Jan. 12, 2016) ("…the Court agrees with Defendant that the Report contains some impermissible legal conclusions that are not helpful to the fact-finder. Specifically, Jaques may not testify that 'Costa is at fault' or that its crew was 'careless.' See DE 39-2 at 8; DE 39-5 at 8. Jaques also may not testify as to the legal standard that Defendant is 'legally required to exercise at least 'reasonable care the safety' of the passengers in question.' See id. at 7. These statements in the Report and Supplemental Report shall be stricken);

- *O'Malley v. Royal Caribbean Cruises, Ltd.*, 17-21225-CIV, 2018 WL 2970728, at *4 (S.D. Fla. June 13, 2018) ("…Mr. Gras' generic opinions are intertwined with legal conclusions that Defendant was negligent and that the vessel's personnel caused Plaintiff's injuries");

- *Commodores Entm't Corp. v. McClary*, 879 F.3d 1114, 1129 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 225 (2018) ("Wolfe's expert report is replete with legal opinion…[t]hese legal conclusions were properly struck. The district court was the only source of the law, and Wolfe's testimony would have invaded the court's exclusive prerogative.");

- *Washington v. City of Waldo, Florida*, 1:15CV73-MW/GRJ, 2016 WL 3545909, at *3 (N.D. Fla. Mar. 1, 2016) ("Expert evidence that consists merely of legal conclusions is usually not helpful, for purposes of this requirement, when it unduly invades the province of the jury by essentially telling the jury what result to reach on an ultimate issue...[t]hus, a witness typically may not 'give purely legal conclusions,' such as that an officer lacked probable cause to arrest…or that a search conducted without a warrant violated the Fourth Amendment…as such conclusory testimony would 'tell the jury what result to reach' on ultimate issues only the jury should resolve…") (internal citations omitted); and,

- *St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, 18-21365-CIV, 2019 WL 2012966, at *8 (S.D. Fla. Mar. 11, 2019), aff'd, 5 F.4th 1235 (11th Cir. 2021) ("Mr. Mintz's expert report is unhelpful because it is scattered with legal conclusions, including contentions (1) that Defendant committed multiple breaches of the policy and its obligations under Florida law, (2) that Defendant has taken unsupported defense and litigation positions, (3) that Plaintiff has complied with all conditions precedent before filing this lawsuit, (4) that Defendant waived any policy compliance issues, (5) that Defendant failed to comply with industry standards, (6) that Defendant's counterclaim is without merit, (7) that Plaintiff has not engaged in any concealment or fraud, and (8) that Defendant's failure to pay was clearly intentional").

Fairly summarized, Mansell's opinions relative to whether the Board or any other individual implemented S.B.'s IEP, violated the IDEA, Florida law, Board policies, or a "Consent Decree" are pure factual and legal conclusions that should not

15

be presented to a jury. *See United States v. Masferrer*, 367 F. Supp. 2d 1365, 1373 (S.D. Fla. 2005) ("Proffered expert testimony generally will not help the trier of fact when it offers nothing more than factual and legal conclusions argued by experienced lawyers for the parties in closing arguments.").

            2.      *Mansell's Improper Subjective Interpretations of Facts*

It does not require an expert to explain the conduct of the Defendants to help a jury understand whether such conduct met the requirements of Florida law, Federal law, or the Board's policies. *See Giusto v. Int'l Paper Co.*, 1:19-CV-00646-SDG, 2021 WL 3603374, at *4 (N.D. Ga. Aug. 13, 2021) ("The Court agrees that several of Ferrell's opinions are recharacterizations of evidence or inferences derived from facts in the record…[t]hese subjective portrayals of factual information would not assist the jury"); *Abramson v. Walt Disney World Co.*, 370 F. Supp. 2d 1221, 1225 (M.D. Fla. 2005) ("This circuit follows the generally accepted rule that '[e]xpert testimony is properly excluded when it is not needed to clarify facts and issues of common understanding which jurors are able to comprehend for themselves.'") (internal citations omitted); *Salvani v. Corizon Health, Inc.*, 17-24567-CIV, 2019 WL 3410028, at *5 (S.D. Fla. July 29, 2019) ("…Dr. Inwood may not opine that several defendants failed to deliver the acceptable standard of care because it amounts to a barebones legal conclusion for the jury to the reach"); *Hartford Ins. Co. v. BellSouth Telecommunications, Inc.*, 04-20532-CIV, 2005 WL 5955692, at *3 (S.D. Fla. Sept. 14, 2005) ("Donovan's testimony is not based on a specialized knowledge. The jury is more than capable of applying the same common logic as Donovan proposes to testify. Therefore, even if the Court found him

16

qualified as an expert in Watch Alert and alarm systems, the Court would exclude his opinion in this area because it fails to assist the jury…"). *See also Hendrix*, 255 F.R.D. 568 at 579 ("When the trier of fact is 'entirely capable of determining' issues in the case 'without any technical assistance from ... experts,' expert testimony is unhelpful and must be excluded from the evidence"…[o]therwise, there is a risk the trier of fact will give the expert testimony undue weight on account of its special status") (internal citations omitted).

### D. Plaintiffs' Remaining Experts

Plaintiffs' failure to disclose expert reports for any individuals other than Mansell further warrants their opinions being excluded because Plaintiffs' Amended Expert Witness Disclosure fails to include any information sufficient to satisfy the requirements of Fed. R. Evid. 702 and *Daubert.*

[*signature blocks on next page*]

17

Respectfully submitted this 1st day of November 2022.

/s/ *Robert J. Sniffen*
**ROBERT J. SNIFFEN (Trial Counsel)**
Florida Bar Number: 0000795
rsniffen@sniffenlaw.com
**TERRY J. HARMON**
Florida Bar Number: 0029001
tharmon@sniffenlaw.com
**ELMER C. IGNACIO**
Florida Bar Number: 537683
eignacio@sniffenlaw.com
**KRISTEN C. DIOT**
Florida Bar Number: 118625
kdiot@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for Defendants Brevard County School Board, Mullins, McDougall, Belford, Jenkins*

/s/ *David Miklas*
**DAVID MIKLAS** (Lead Counsel for Defendants, Kristen Godden and Nichole Dougherty)
david@miklasemploymentlaw.com

**LAW OFFICE OF DAVID MIKLAS, P.A.**
P.O Box 12996
Fort Pierce, Florida 34979
Telephone: (772) 465-5111
Facsimile: n/a

# CERTIFICATE OF SERVICE

The undersigned certifies that on this 1st day of November, 2022, a true and correct copy of the foregoing was electronically filed in the US District Court, Middle District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ *Robert J. Sniffen*
**ROBERT J. SNIFFEN**