UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SHIRLEY BEZERRA STEEL, et al.**

    Plaintiffs,

v.                                                 Case No.: 6:21-cv-02035-CEM-DAB

**BREVARD COUNTY SCHOOL
BOARD, et al.,**

    Defendants.
_____/

**JOINT PRETRIAL STATEMENT**

PURSUANT to the Court's Case Management and Scheduling Order (ECF 43) dated March 28, 2022, and the M.D. Fla. Loc. R. 3.06, on February 14, 2023, Plaintiffs and Defendants, by and through their respective undersigned counsel, met and conferred in a good faith effort, and hereby submit their Joint Pretrial Statement as follows:

**1.  BASIS FOR COURT'S JURISDICTION:**

This Court has jurisdiction pursuant to 42 U.S.C. § 1983, and 28 U.S.C. §§ 1331, 1343 and 1367.

**2.  CONCISE STATEMENT OF THE ACTION:**

    **(a)  Plaintiffs' Proposed Statement:**

Plaintiffs brought this action against Brevard County School Board, et al. for forcibly tying a mask to S.B.'s face, specifically under the following: (1) Negligence, (2) Violation of Rights Pursuant to Fla. Stat. §393.13 (3) Intentional Infliction of Emotional Distress, (4) Battery, and (5) Defamation.

1

### (b) Defendants' Proposed Statement:

This is an action for monetary damages brought by Plaintiffs on behalf of themselves and their minor child allege that the School Board and members of the instructional staff committed various tortious acts when the School Board voted to implement a policy requiring, with certain enumerated exceptions, that students wear masks while attending Brevard Public Schools and then the minor Plaintiff's teachers placed a mask on her face without the consent of her parents. Plaintiff, Shirley Bezerra Steel additionally asserts a claim of defamation as to School Board Member Jenkins.

### 3. CONCISE STATEMENT OF EACH PARTY'S POSITION:

### (a) Plaintiffs' Statement:

S.B. is a seven-year-old girl with Down's Syndrome. S.B. is non-verbal due to her Down's Syndrome. S.B. has physical characteristics related to her Down's Syndrome, including an enlarged tongue, that manifest as contraindications related to S.B.'s masking. Ms. Godden, and Ms. Dougherty had actual and/or constructive knowledge of S.B.'s disabilities and were aware of her physical limitations and contraindications for mask wearing as documented in the Defendants' records and as observed by S.B.'s teachers.

Since 2020, S.B. has attended Ocean Breeze Elementary in Indian Harbour Beach, Florida. The Brevard County School District, and the officials thereof, transferred S.B. to Ocean Breeze given her Down's Syndrome and the school's focus on students requiring special accommodations. Ms. Godden and Ms. Dougherty were S.B.'s teachers during the 2021-2022 school year and had direct knowledge of S.B.'s conditions. Given S.B.'s disability, the School District and Ocean Breeze Elementary implemented an Individualized Education Plan ("IEP") as early as January of 2021, S.B.'s IEP described her known physical and other deficits with specificity, meaning that Defendants had actual and/or constructive knowledge of the harm to be done to her through any forced masking.

S.B.'s parents accompanied S.B. to the bus each morning and S.B. embarked on the bus to school mask-less, as was her parents' desire. S.B.'s parents were well aware of the risks posed by COVID-19 and chose to send S.B. to school without a mask based on her disabilities and an exercise of their right to make healthcare decisions for their daughter. Despite S.B.'s parents rights and their intended healthcare decisions for S.B., Defendants adopted and implemented a forced masking policy and tied a mask to S.B.'s face. Defendants put S.B. in grave danger without her parents' knowledge or consent, caused S.B. emotional distress, callously discriminated against S.B. given her known disabilities, and violated Federal and State constitutional and statutory rights.

In early August 2021, the School Board considered a mask mandate despite having actual and constructive knowledge that the mandate was clearly unlawful, having been notified of its unlawfulness by at least two state agencies – Florida Department of Education ("FDOE") and Florida Department of Health ("FDOH") – and by Executive Order of the Governor. Executive Order 21-175 placed Defendants on notice that their Mask Mandate was unlawful and emphasized that all parents have the right to make healthcare decisions for their minor children. The Executive Order promulgated rules requiring that school boards and schools refrain from violating Floridians constitutional freedoms, violating parents' rights under Florida law to make healthcare decisions for their minor children, and third, protect children with disabilities who would be harmed by any forced masking policy. Through the Executive Order, dated July 30, 2021, Defendants, each and all of them, were on notice that any forced masking policy would be a clear violation of the law, or put differently, a violation of a clearly established law or right.

On August 10, 2021, special meeting, School Board Chair, Misty Belford, School Board members Cheryl McDougall and Jennifer Jenkins, and Superintendent Mark Mullins, attended a special meeting for the School Board to decide on a Mask Mandate. Each of these individuals attended all such meetings where the Mask Mandate was discussed and ultimately adopted in violation of the law. At the August 10, 2021, special meeting, Chairwoman Belford made it abundantly clear that she was aware that the implementation of a Mask Mandate would violate the FDOH and FDOE rules and the Executive Order. At this and other meetings, Chairwoman Belford repeatedly acknowledged the illegality of a mask mandate, pointing out to Ms. Jenkins and Ms. McDougall that a Mask Mandate would violate the FDOE rule and FDOH's two rules prohibiting the forced masking of public school children.

On or about August 27, 2021, the Brevard County School Board adopted and then the Brevard County School District implemented (through, among others, Mr. Mullins, Ms. Godden, and Ms. Dougherty) an "Emergency K-12 Face Covering Requirement" (the "Mask Mandate"). On September 3, 2021, the Florida Department of Education issued a letter to Superintendent Mark Mullins and the School Board, notifying Defendants that their Mask Mandate was a clear violation of the law, or put differently, a violation of a clearly established law or right, specifically, Emergency Rule 64DER21-12. Specifically, Brevard County failed to comply with the Emergency Rule in that it required parents to submit medical documentation in order to opt out. On September 21, 2021, at a Brevard County School Board Meeting, several School Board members, including Ms. Jenkins and the School Board's General Counsel, again acknowledged the illegality of the Mask Mandate, yet failed to bring the policy into compliance with State law. At the September 21, 2021, Brevard County School Board Meeting, the School Board's General Counsel informed the Defendant School Board members that if Brevard County schools did not comply with the FDOH

Emergency Rule, the Brevard County School Board would be subject to liability. Still, Defendants persisted.

On September 22, 2021, the Florida Department of Health implemented Emergency Rule 64DER21-15 requiring that students be masked only at their parent's sole discretion. The Defendants ignored the Emergency Rule in continuing to mask students enrolled in public schools within the Brevard County School District based on the Defendants' Mask Mandate rather than allowing parents the discretion to send their children to school unmasked. More specifically, between September 22, 2021, and October 7, 2021, Defendants' forced masking of S.B. violated the State's Emergency Rule.

S.B.'s IEP and medical and physical contraindications provide for an automatic exemption to the Mask Mandate. Without notifying S.B.'s parents, Ms. Dougherty and Ms. Godden began masking S.B. upon implementation of the District's Mask Mandate in all public schools within the Brevard County School District on or about August 30, 2021.

S.B. was masked without her parents' consent for approximately six weeks while attending Ocean Breeze Elementary between August 30, 2021, and October 7, 2021. At times, S.B. would remove her mask, or it would fall off, at which point S.B.'s teachers would tie the mask back on S.B.'s face. Each day, without ever getting Plaintiffs' consent to tie a mask on S.B., S.B.'s teachers (including Ms. Godden and Ms. Dougherty) tied a mask to S.B.'s face using a blue cord or beading string. S.B.'s parents first learned of S.B. having a mask tied to her face when she stepped off the school bus on the afternoon of October 7, 2021.

On October 12, 2021, Plaintiffs attended a meeting with Ocean Breeze Elementary Principal Shelley Michaud, who admitted that the forced masking of S.B. had occurred repeatedly without S.B.'s parents' knowledge or consent. After the conference between the Steels, Ms. Godden, and Principal Michaud, S.B.'s IEP was belatedly updated based on the determination that due to "S.B.'s physical and genetic concerns, and her speech impairment" that she would be exempt from any Mask Mandate. Defendants had full knowledge of S.B.'s physical and genetic concerns, as well as her speech and language impairments, at all times and undoubtedly as early as her first day of school at Ocean Breeze and failing to accommodate S.B. was a clear violation of law.

Principal Michaud admitted that the school's policy and her directive would have been to contact S.B.'s parents before masking S.B. and that this never happened. Principal Michaud further admitted that the Defendants' expectation of teachers is that they enforce the Mask Mandate for anyone without an exemption "on file", regardless of whether students qualify for an exemption under the Mask Mandate and

irrespective of Florida DOH Emergency Rule 64DER21-15, federal law, and human decency. The Defendants never made any attempt to notify S.B.'s parents of this unwritten rule prior to tying a mask to S.B.'s face. S.B. suffered from behavioral disturbances during the six weeks that she was masked without her parents' consent. The degradation in S.B.'s behavior was documented by S.B.'s teachers and observed by her parents. Immediately after the forced masking of S.B. was discovered by her parents and the school agreed to stop tying a mask to S.B.'s face, S.B.'s behavior began to dramatically improve. Since leaving Ocean Breeze Elementary School, S.B. has not had any accidents at her new school, at home, or on any outing. There has been no account of vomiting, and her behavior at home and in school has improved substantially.

Upon S.B.'s parents protesting and confronting the Defendants after learning what had been done to their daughter, Ms. Jenkins made defamatory statements on a public forum in an effort to discredit and harm Plaintiff Jeffrey Steel.

**(b)    Defendants Brevard County School Board, Superintendent Mark Mullins, Misty Belford, and Cheryl McDougall, and Jennifer Jenkins' Statement:**

In response to the Delta Variant of the COVID-19 virus, on August 31, 2021, following extensive consideration and testimony from local health officials and numerous public comments, the Brevard County School Board implemented an Emergency Face Covering Policy, requiring all students to wear a face covering while attending school, subject to certain exceptions. One such exception allowed students with Individualized Education Plans that included documentation that the student had a medical contraindication for wearing a mask to be exempt from the Policy.

Mr. and Mrs. Steel are the parents of S.B., a disabled first grade student at Ocean Breeze Elementary. The Steel's did not seek to exempt S.B. from the Policy until October 12, 2021. Because S.B. did not have an exemption on file, S.B.'s teacher Kristen Godden believed that it was Mr. and Mrs. Steel's wish that S.B. wear a face covering while at school and provided a disposable face covering to S.B. during the day. Because of difficulties with keeping the face covering on, Ms. Godden eventually consulted the Down's Syndrome resource foundation website, and came across a method for using string, loosely tied in a loop, to help keep the face covering on S.B.

On October 7, 2021, Mrs. Steel discovered that S.B. had been wearing a face covering at school when she stepped off the bus with a mask still on her face. Thereafter, Mr. Steel notified the local police department, local elected officials, and eventually the Principal of Ocean Breeze Elementary that he did not wish for S.B. to wear a mask at school. The very next day a meeting was held to amend S.B. Individualized Education Plan to include specific documentation that S.B. was exempt from the Emergency Face Covering Policy.

Plaintiffs have alleged the School Board was negligent, which caused them harm. Additionally, Plaintiffs allege the School Board members and Dr. Mullins intentionally inflicted emotional harm on them through their actions in adopting and implementing the Face Covering Policy. Additionally, Plaintiff Shirley Bezerra Steel alleges certain statements made by School Board member Jenkins were defamatory.

Defendant, Brevard County School Board denies all of the Plaintiffs' allegations and contends the Emergency Face Covering Policy was enacted and implemented in a good faith effort to protect district students and staff. The Individual Defendants, Dr. Mark Mullins, Brevard County Schools Superintendent at the time, and Board Members Jenkins, McDougall, and Belford, likewise deny all of Plaintiffs' allegations and contend that they neither placed a mask on S.B., directed any individual to place a mask on S.B., nor that a mask was being placed on S.B. in the way that it was.

### (c)   Defendants Kristen Godden and Nicole Dougherty's Statement:

Due to COVID-19, on August 31, 2021, the Brevard County School Board implemented an Emergency Face Covering Policy, requiring all students to wear a face covering while attending school, subject to certain exceptions. One of the school in the Brevard County School District is ocean Breeze Elementary School.  A teacher (Ms. Godden) and her teacher assistant (Ms. Dougherty) worked at Ocean Breeze Elementary and they placed a face covering on students in the classroom, as required by the Emergency Face Covering Policy.

Mr. and Mrs. Steel are the parents of S.B., a disabled first grade student at Ocean Breeze Elementary. S.B., was assigned to Ms. Godden's class, which was a Primary supported Exceptional Student Education ("ESE") classroom, from February 2021 until October 25th 2021.

During school on August 31, 2021 Ms. Godden typed a note to the parents of her students and sent the note home on the back handles of all of the backpacks letting parents know of the change in the mask mandate (the Emergency Face Covering Policy). The note sent home advised that if a parent had issues or they did not like the mandate, they would be able to seek exemptions.  The expectation was that once the parents were advised of the Emergency Face Covering Policy, the student would wear a face covering unless the parents made the school district aware of an exemption/exception.  Ms. Godden and Ms. Dougherty were required to follow School District policies and procedures, including the School Board-issued Emergency Face Covering Policy.

Although S.B.'s parents (Mr. and Mrs. Steele) were aware of the implementation of the Emergency Face Covering Policy, Mr. and Mrs. Steel thought

6

that S.B. was exempt from the Emergency Face Covering (Mask) Policy, but they did not communicate with S.B.'s teacher, Kristen Godden, or teacher's aide, Nichole Daugherty, to confirm whether or not S.B. was exempt from the Mask Policy. The parents also did not request a meeting to amend S.B.'s individualized education plan to include a notation regarding S.B.'s contraindications for face coverings. The parents assumed that their child was exempt from the Mask policy.

Because S.B. did not have an exemption on file, S.B.'s teacher Kristen Godden believed that it was Mr. and Mrs. Steel's wish that S.B. wear a face covering while at school and provided a disposable face covering to S.B. during the day. Other than receiving the *Emergency* K-12 Face Covering Requirement, and the cover email that accompanied it, Ms. Godden and Ms. Dougherty received no training on how to implement the *Emergency* K-12 Face Covering Requirement. Because of difficulties with keeping the face covering on, Ms. Godden learned from the Down Syndrome website a technique to affix a face covering to a child with Down Syndrome and utilized that technique to help hold the face covering in place for S.B., using lacing string, loosely tied in a loop, to help keep the face covering on S.B.

S.B. was able to remove the mask by herself and did so multiple times in Ms. Godden's class. Also, S.B.'s mask was removed when eating, drinking, playing outside, during speech therapy, and during PE.

From August 31, 2021 through October 7, 2021, the Steels never contacted Ms. Godden, Ocean Breeze Elementary, or District staff regarding the Emergency Face Covering Policy to ensure their assumptions about the Policy and its application to S.B. were correct.

On October 7, 2021, Mrs. Steel discovered that S.B. had been wearing a face covering at school when she stepped off the bus with a mask still on her face. Thereafter, Mr. Steel notified the local police department, local politicians, and eventually the Principal of Ocean Breeze Elementary that he did not wish for S.B. to wear a mask at school. Immediately upon the parents requesting S.B. receive an exemption, she was provided the exemption.

Plaintiffs have brought various federal and state law claims against multiple entities and people, including the teacher and teacher assistant, as a result of S.B. wearing a face covering without their consent. Ms. Godden and Ms. Dougherty deny all of the Plaintiffs' allegations and contends that there were no constitutional violations in this case and the Emergency Face Covering Policy was enacted and implemented in a good faith effort to protect district students and staff.

Ms. Godden and Ms. Dougherty acted in good faith with the best interests of S.B., students and staff in mind while they complied with a School Board-issued policy

during the COVID-19 pandemic.

**4.     EXHIBIT LISTS WITH OBJECTIONS:**

    **(a)**     Plaintiff's Exhibit List with Defendants' objections is attached as **Exhibit A.**

    **(b)**     Defendants Brevard County School Board, Superintendent Mark Mullins, Misty Belford, and Cheryl McDougall, and Jennifer Jenkins' Exhibit List with Plaintiff's objections is attached as **Exhibit B.**

    **(c)**     Defendants Kristen Godden and Nicole Dougherty's Exhibit List with Plaintiff's objections is attached as **Exhibit C.**

**5.     WITNESS LISTS WITH LIKELIHOOD OF TESTIMONY AND OBJECTIONS:**

    (a)     Plaintiffs' Witness List is attached as **Exhibit D**.

    (b)     Defendants Brevard County School Board, Superintendent Mark Mullins, Misty Belford, and Cheryl McDougall, and Jennifer Jenkins' Witness List is attached as **Exhibit E**.

    (c)     Defendants Kristen Godden and Nicole Dougherty's Witness List is attached as **Exhibit F**.

**6.     A LIST OF ALL EXPERT WITNESSES WITH SUBSTANCE OF TESTIMONY AND OBJECTIONS:**

None.

**7.     BREAKDOWN OF TYPE & AMOUNT OF MONETARY DAMAGES:**

    *(a)     Economic Damages:*

        i.   Tuition: $150,000
        ii.  Speech/Occupational/Physical Therapy: $75,000
        iii. Psychological Therapy: $15,000
        iv.  Loss of Income: $10,200
        v.   Travel Expenses: $20,000

    *(b)     Non-Economic Damages:*

8

      i. S.B.: $5,000,000
     ii. Jeffrey Steel: $2,500,000
    iii. Shirley Bezerra-Steel: $2,500,000

**(c)** *Punitive Damages:*

      i. All Plaintiffs: $50,000,000

**8. A LIST OF ALL DEPOSITIONS TO BE OFFERED IN IN LIEU OF LIVE TESTIMONY:**

**(a) Plaintiffs' List:** (1) Katye Campbell, (2) Cheryl McDougall, (3) Jennifer Jenkins, (4) Shelley Michaud, and (5) Misty Belford. Plaintiffs reserve the right to call these witnesses live, but designate these depositions to provide notice and potentially streamline the trial. Defendants object to admitting these depositions.

**(b) Defendants Brevard County School Board, Superintendent Mark Mullins, Misty Belford, and Cheryl McDougall, and Jennifer Jenkins' List:** At this time, Defendants do not intend to offer any depositions in lieu of live testimony.

**(c) Defendants Kristen Godden and Nicole Dougherty's List:** At this time, Defendants do not intend to offer any depositions in lieu of live testimony.

**9. STATEMENT OF ADMITTED FACTS:**

1. The Brevard County School Board (also known as the "Board" or "School Board", is the governing body of the Brevard County School District ("District"). The School Board adopts policies for the operation of the District.

2. At all material times, Jennifer Jenkins was an elected School Board member.[1]

---

[1] Plaintiffs request additional language in (2) for completeness as to Ms. Jenkins' duties and role as a School Board member. The additional language would read, "As an elected official, Ms. Jenkins took an oath of office and swore to uphold the laws of the State of Florida."

3. At all material times, Cheryl McDougall was an elected School Board member.[2]

4. At all material times, Misty Belford was an elected School Board member.[3]

5. At all material times, Dr. Mark Mullins was the appointed District Superintendent of Schools.

6. During the 2021-2022 school year, S.B. attended Ocean Breeze Elementary School, a public school within the District.

7. At all material times, Kristen Godden was a teacher at Ocean Breeze Elementary and was employed by the School Board.

8. At all material times, Nichole Dougherty was a teacher's assistant at Ocean Breeze Elementary School and worked in Ms. Godden's classroom.

9. S.B. was assigned to Ms. Godden's class from February 2021 until October 25, 2021.[4]

10. **STATEMENT OF AGREED PRINCIPLES OF LAW:**

   **(a)** The parties agree that jurisdiction and venue for Plaintiff's claims are proper in this Court.

   **(b)** The parties agree that the Individual Defendants are persons who took

---

[2] Plaintiffs request additional language in (3) for completeness as to Ms. McDougall's duties and role as a School Board member. The additional language would read, "As an elected official, Ms. McDougall took an oath of office and swore to uphold the laws of the State of Florida."

[3] Plaintiffs request additional language in (2) for completeness as to Ms. Belford's duties and role as a School Board member. The additional language would read, "As an elected official, Ms. Belford took an oath of office and swore to uphold the laws of the State of Florida."

[4] Plaintiffs request an additional Statement of Admitted Fact, that would read, "Between August 2021 and October 2021, Ms. Dougherty and Ms. Godden tied a mask to S.B.'s face during the school day without her parents' knowledge or consent." Defendants object to this additional fact.

certain actions under color of state law within the meaning of Section 1983.

11. **ISSUES OF FACT WHICH REMAIN TO BE LITIGATED:**

   **(a)** Whether any Plaintiff is entitled to any damages, and if so, in what amount.

   **(b)** If any Plaintiff is determined to be entitled to any damages, whether any Plaintiff is entitled to punitive damages against any of the Individual Defendants.

12. **ISSUES OF LAW WHICH REMAIN TO BE DETERMINED BY THE COURT:**

   **(a)** Whether any of the Individual Defendants is entitled to Qualified Immunity[5]

**Defendants' Additional Noted Issues of Law (to which Plaintiffs' Object):**

   **(a)** Whether Plaintiffs' Shirley Steel and Jeffrey Steel's negligence claims are barred by the Florida Impact Doctrine

   **(b)** Whether Defendants Mullins, Belford, McDougall, and Jenkins can be liable for a claim of intentional infliction of emotional distress based on the conduct of Defendants Godden and Dougherty

   **(c)** Whether Plaintiffs Shirley Steel was a limited public figure for purposes of her defamation claim

   **(d)** Whether Defendant Jenkins alleged defamatory statements were protected by the First Amendment

   **(e)** Whether Plaintiffs are prohibited from recovering punitive damages against the Brevard County School Board and/or Defendants Mullins, Belford, McDougall, and Jenkins for any of their claims

13. **MOTIONS OR OTHER MATTERS THAT REQUIRE ACTION BY THE COURT:**

---

[5] Plaintiffs object on the basis that the Court has already determined that the Individual Defendants are not entitled to Qualified Immunity.

    **(a)**    Defendants' Joint Motions in Limine

    **(b)**    Defendants' Motion to Take Judicial Notice

    **(c)**    Defendants' Motion for Reconsideration (to be filed)

    **(d)**    Plaintiffs' Motions in Limine

    (e)    Plaintiffs' Motion for Reconsideration

**14.**    **USEFULNESS OF FURTHER SETTLEMENT DISCUSSIONS:**

As required by the Local Rules, the Parties discussed the prospect of settlement at their conferral meeting on February 14, 2023. Defendants do not believe further settlement discussions would be useful at this time.

Plaintiffs believe further settlement discussion would be useful, as mediation was not conducted with the individual Defendant School Board members or the individual Defendants.

**15.**    **CERTIFICATION AND SIGNATURES OF COUNSEL FOR ALL PARTIES:**

In preparing this final pretrial statement, I have aimed for the just, speedy, and inexpensive resolution of this action.

[THE REMAINDER OF THIS PAGE HAS BEEN INTENTIONALLY LEFT BLANK]

Respectfully submitted this 15th day of March, 2023.

/s/ *Gregory A. Anderson*
**Gregory A. Anderson, Esquire**
Florida Bar Number: 398853
gaanderson@asglaw.com
**Nicholas P. Whitney, Esquire**
Florida Bar Number: 119450
nwhitney@asglaw.com
**ANDERSONGLENN LLP**
10751 Deerwood Park Boulevard, #105
Jacksonville, Florida 32256
(904) 273-4734, Fax: (904) 273-4712

*Counsel for Plaintiffs*

/s/ *David Miklas*
**DAVID MIKLAS**
david@miklasemploymentlaw.com
**LAW OFFICE OF DAVID MIKLAS, P.A**.
P.O Box 12996
Fort Pierce, Florida 34979
Telephone: (772) 465-5111
Facsimile: n/a

*Counsel for Defendants Kristen Godden and Nichole Dougherty*

/s/ *Robert J. Sniffen*
**ROBERT J. SNIFFEN**
Florida Bar Number: 0000795
rsniffen@sniffenlaw.com
**TERRY J. HARMON**
Florida Bar Number: 0029001
tharmon@sniffenlaw.com
**KRISTEN C. DIOT**
Florida Bar Number: 0118625
kdiot@sniffenlaw.com

**SNIFFEN & SPELLMAN, P.A.**
123 North Monroe Street
Tallahassee, Florida 32301
Telephone: (850) 205-1996
Facsimile: (850) 205-3004

*Counsel for Brevard County School Board, Mark Mullins, Misty Belford, Cheryl McDougal, and Jennifer Jenkins*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 15th day of March 2023, a true and correct copy of the foregoing was electronically filed in the US District Court, Middle District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ *Robert J. Sniffen*
**ROBERT J. SNIFFEN**

13